UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DANIEL JAMES KECK AND | ) | CASE NO. 08-61578 |
| AMY DANNELLE KECK, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

Before the Court is the motion by Debtors Daniel James Keck and Amy Dannelle Keck (hereafter "Debtors") to reopen their chapter 7 bankruptcy case. Additionally, Debtors seek a waiver of the filing fee associated with reopening the case. No responses opposing the relief have been filed.

The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtors commenced a chapter 7 bankruptcy case on May 13, 2008. Subsequently, a notice issued which set the meeting of creditors on July 1, 2008 and the last date to oppose discharge or dischargeability on September 2, 2008. On July 2, 2008, the chapter 7 trustee filed minutes from the meeting of creditors indicating that the he had conducted and concluded the meeting. The trustee also filed a no-asset report on July 2, 2008. As a result, the case was fully postured to discharge following the expiration of the deadline to object contest dischargeability, September 2, 2008.

No action was taken in this case from July 2, 2008 to September 4, 2008. On September 4, 2008, the Court closed the case without a discharge because Debtors had not filed their financial management course certificates. The notice from the Court advised that the filing fee would be required to reopen the case. Debtors filed a motion to reopen on September 15, 2008 and requested waiver of the filing fee. According to Debtors, they timely obtained the financial management class on August 4, 2008 from Money Management International, Inc. However, Money Management, Inc. failed to forward the course certificates to counsel for filing with the Court.

## LAW

In accordance with 11 U.S.C. § 727(a)(11), the Court cannot enter an order of discharge for a debtor who fails to complete "an instructional course concerning personal financial management described in section 111." Interim Rule of Bankruptcy Procedure 1007(b)(7), as adopted by the United States District Court for the Northern District of Ohio through Second Amended General Order 2005-11, requires a debtor to file a statement concerning the personal financial management class on the appropriate Official Form. This rule effectuates section 727(a)(11) and provides the notice to the Court of a debtor's statutory compliance with the duties established by the bankruptcy code.

Interim Rule 1007(c) provides the time frame for acting: "[i]n a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 45 days after the first date set for the meeting of creditors under § 341 of the Code . . . ." In this case, the first date set for the meeting of creditors was July 1, 2008; forty-five days after this date was August 15, 2008. Thus, Debtors were required to file their statements by August 15, 2008. It is undisputed that Debtors took the course on August 4, 2008 but that the statements were not filed.

Debtors seek to excuse their failure to comply by casting blame on Money Management Inc., the agency providing the education. Debtors assert their noncompliance was the result of Money Management Inc.'s failure to timely forward the certificates to their counsel. Interim Rule 1007(c) provides debtors in this situation an option for avoiding expiration of the time frame:

> [e]xcept as provided in § 1116(3), any extension of time for the filing of the schedules, statements, and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct.

Interim Fed. R. Bankr P. 1007(c). Debtors not only failed to timely comply with the requirements of 1007(b)(7), but also failed to request an extension in accordance with the federal bankruptcy rules. The Court cannot excuse their culpability.

Further, as set forth in General Order 05-2, "neither the Clerk of the Bankruptcy Court nor the Bankruptcy Judge(s) has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office." General Order 05-2 (Bankr. N.D. Ohio October 5, 2005). Neither of these conditions is present.

In light of the above, the Court finds that the motion to reopen will be granted but the motion to waive the filing fees is not well-taken and will be denied.

An appropriate order shall be issued herewith.

/s/ Russ Kendig
_____
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Daniel James Keck
Amy Dannelle Keck
14062 Shorle Road
Sterling, OH 44276

Carl G Hiteman
226 N Broadway
Medina, OH 44256

Michael V Demczyk
PO Box 867
12370 Cleveland Ave NW
Uniontown, OH 44685